UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Susan Graunke and<br>Gerrick Quaas,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>Lyle E. Oien,<br>　　　　　　Defendant. | Civil No. 05-1987 (PAM/RLE)<br><br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on a Motion for Substitution and a Motion to Dismiss filed by the United States of America. Consistent with the Court's ruling at oral argument on November 23, 2005, the Court grants both Motions.

**BACKGROUND**

Plaintiff Susan Graunke is the mother of Plaintiff Gerrick Quass. On July 26, 2005, they commenced a pro se action in Hubbard County Conciliation Court, alleging that Defendant Lyle Oien, a United States Postal Worker, hit Quass while Quass was riding his bicycle on July 27, 1999. They seek $235.00 in damages.

On August 30, 2005, Oien removed the action to this Court pursuant to 28 U.S.C. § 2679(d)(2). On September 19, 2005, the United States filed a Motion to Substitute itself as the named defendant. In addition, it filed a Motion to Dismiss based on a failure to exhaust administrative remedies and the statute of limitations.

**DISCUSSION**

**A.    Motion for Substitution**

The United States has moved to substitute itself as the named defendant in this action, maintaining that the action falls under the ambit of the Federal Tort Claims Act ("FTCA").

By providing a remedy against the United States for tort actions, the FTCA is a limited waiver of sovereign immunity. Specifically, the FTCA provides the Court subject matter jurisdiction over civil actions against the United States for damages caused by the negligent or wrongful acts of a federal government employee while acting within the scope of his or her employment. See 28 U.S.C. § 1346(b). It is the exclusive remedy for such injuries. See Anthony v. Runyon, 76 F.3d 210, 212-13 (8th Cir. 1996).

If an action is commenced against an individual employee rather than the United States, the Attorney General will determine whether the employee was acting within the scope of his or her employment when he or she engaged in the allegedly harmful conduct. See 28 U.S.C. § 2679(d)(2). The Attorney General may then certify that the employee was acting within the scope of his employment and that substitution of the United States as defendant is appropriate. Id.

The certification "does not conclusively establish as correct the substitution of the United States as defendant in place of the employee." McAdams v. Reno, 64 F.3d 1137, 1145 (8th Cir. 1995). Rather, the Eighth Circuit requires "at least limited judicial review of the . . . scope of employment certification before substituting the United States as defendant." Forrest City Mach. Works, Inc. v. United States, 953 F.2d 1086, 1088 (8th Cir. 1992) (citation

omitted). Because the certification is prima facie evidence that the challenged conduct was within the scope of employment, the plaintiff must come forward with specific facts rebutting the certification. Id.

In this case, United States Attorney Thomas Heffelfinger, acting under delegated authority of the Attorney General,[1] has certified that Oien was acting within the scope of his employment as an employee of the United States Postal Service when the incident out of which this claim arose. (Clerk Doc. No. 1 Ex. 2.) Plaintiffs have not presented any evidence to the contrary. The Court therefore finds that Oien was acting within the scope of his employment as a United States Postal Worker when the alleged act occurred. Accordingly, the claim against Oien must be deemed a claim against the United States, and the Motion for Substitution is granted.

**B.    Motion to Dismiss**

The United States submits that the Court should dismiss this action on two grounds. First, it maintains that the Court lacks subject matter jurisdiction over this action because Plaintiffs failed to exhaust their administrative remedies. Second, it argues that the action is untimely.

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may challenge the complaint either on its face or on the factual truthfulness of its averments. Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993). When a defendant challenges the complaint on

---

[1] A United States Attorney may make the § 2679 certification with respect to civil actions brought against federal employees in their respective districts. 28 C.F.R. § 15.4.

its face, the Court reviews the pleadings and affords the plaintiff the same protections that it would receive on a Rule 12(b)(6) motion to dismiss. See Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir. 1990). The Court takes the factual allegations as true and will only dismiss the complaint if the plaintiff fails to allege an essential element for subject matter jurisdiction. See Titus, 4 F.3d at 593.

A plaintiff is required to file an administrative claim as a prerequisite to bringing suit under the FTCA. See 28 U.S.C. § 2675(a); see also Bellecourt v. United States, 994 F.2d 427, 430 (8th Cir. 1993). The record is devoid of any information as to whether Plaintiffs filed an administrative claim before commencing this action. Indeed, the Tort Claims Coordinator for the United States Postal Service filed an affidavit, declaring that she never received an administrative claim relating to the injuries alleged in this action. (Plunkett Dec. ¶¶ 2-3.) Thus, the Court finds that it lacks subject matter jurisdiction over this action. See Bellecourt, 994 F.2d at 430 ("Presentment of an administrative claim is jurisdictional and must be pleaded and proven by the FTCA claimant.").

Moreover, the claim brought by Graunke is time-barred. A tort claim against the United States must be presented to the appropriate federal agency within two years of its accrual. See 28 U.S.C. § 2401(b). Although the incident at issue occurred on July 27, 1999, Plaintiffs did not present their claim until July 26, 2005. Because Graunke waited nearly six years to commence this action, her claim is barred as untimely.

However, Quaas was a minor when the alleged incident occurred in 1999. Thus, he has until three years after he reaches the age of majority to file an administrative claim. See 28

4

U.S.C. § 2401(a).  The record does not reflect his current age.  Consequently, the Court dismisses his claims without prejudice.

**CONCLUSION**

Because the FTCA applies to this action and because Oien was acting within the scope of his federal employment when he allegedly injured Plaintiffs, the United States is the proper defendant in this action.  In addition, because Plaintiffs have not exhausted their administrative remedies, the Court lacks subject matter jurisdiction over their claim.  Accordingly, **IT IS HEREBY ORDERED** that:

1. The United States of America's Motion for Substitution (Clerk Doc. No. 7) is **GRANTED**;

2. The United States of America's Motion to Dismiss (Clerk Doc. No. 11) is **GRANTED**;

3. Plaintiff Susan Graunke's claim is **DISMISSED with prejudice**; and

4. Plaintiff Gerrick Quass's claim is **DISMISSED without prejudice.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 29, 2005

                                              s/ Paul A. Magnuson
                                              Paul A. Magnuson
                                              United States District Court Judge